IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Branch Banking & Trust Co., | C/A No. 3:12-cv-1059-JFA |
| Plaintiff, | |
| vs. | |
| Henry A. Brown, III and J. David Brown, | **ORDER ON MOTIONS TO ABSTAIN** |
| Defendants/Third-Party Plaintiffs, | |
| vs. | |
| Transco, Inc. and H2D2, LLC, | |
| Third-Party Defendants. | |

## Introduction

This matter is before the court on the separate motions of defendants Henry A. Brown, III and J. David Brown (the Browns) and third-party defendants Transco, Inc. and H2D2, LLC (collectively, the defendants) requesting this court to abstain from exercising jurisdiction over this matter pursuant to the doctrine set forth in *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976). The defendants contend that there are parallel state and federal proceedings and that exceptional circumstances warrant abstention.[1] The court has reviewed the record and briefs of the parties and considered the arguments presented at a hearing on this matter held on February 20, 2013. For the reasons which follow, the court denies the defendants' motions.

## Brief Factual and Procedural Overview

The Browns are brothers and owners of Transco, a South Carolina corporation involved in the distribution of sign components. Transco had a commercial banking relationship with

---

[1] In addition, and as discussed below, Transco and H2D2 alternatively request this court to stay this matter pending resolution of the related state proceeding.

plaintiff Branch Banking and Trust Company (BB&T).  The Browns also owned and managed H2D2, a South Carolina limited liability company which owned the building from which Transco operated.

Between 2007 and 2011, Transco executed and delivered to BB&T certain promissory notes in exchange for several loans.  Also, in 2007, H2D2 executed and delivered to BB&T a promissory note in exchange for a mortgage loan.  The Browns each personally guaranteed each of these promissory notes.  Further, and again in 2007, Transco and H2D2 each entered agreements with BB&T captioned "International Swap Dealers Association Master Agreement" (the Swap Agreements).  BB&T apparently offered the Swap Agreements to Transco and H2D2 as a hedge against the potential for interest rates on their loans with BB&T to rise.  Ultimately, however, Transco and H2D2 defaulted on the promissory notes to BB&T.

*The Federal Court Action*

On April 19, 2012, BB&T commenced the instant action against the Browns based on their personal guarantees of the promissory notes.  On August 21, 2012, the Browns answered and asserted a number of counterclaims against BB&T based on the Swap Agreements.  The Browns also impleaded Transco and H2D2, asserting that these entities are obligated to indemnify the Browns.  On September 26, 2012, Transco and H2D2 answered and asserted crossclaims against BB&T based on the Swap Agreements that are substantively identical to those the Browns asserted against BB&T.

*The State Court Action*

On September 7, 2012, BB&T also commenced an action in the Court of Common Pleas for Lexington County.  In particular, BB&T brought this action seeking foreclose on certain mortgages H2D2 made on the building it owned and seeking judgment on certain promissory notes secured by the mortgages.  These promissory notes are the same notes that the Browns

2

personally guaranteed. Also a party to this action is Transco, who made several of the promissory notes at issue, and the parents of the Browns, Henry Arthur Brown, Jr. and Dorothy White Brown, to whom H2D2 also gave a mortgage. The Browns themselves are not parties to the state court action. On October 3, 2012, H2D2 and Transco answered and asserted against BB&T counterclaims which are substantively identical to those they asserted a week earlier in the federal court action.

On October 25, 2012, BB&T filed a motion to dismiss H2D2 and Transco's counterclaims based on Rule 12(b)(8) of the South Carolina Rules of Civil Procedure, a defense that another action is pending between the same parties for the same claim. The parties apparently argued BB&T's motion before the state court on February 18, 2012. Following the hearing on the instant motion, which occurred two days later, this court requested that the parties notify the court when BB&T's state court motion was resolved, and if it was not resolved within sixty days, to so notify the court, at which point this court would issue an order on the defendants' motions to abstain. *See* ECF No. 48. The parties now indicate that the state court has not issued an order on BB&T's motion to dismiss, *see* ECF Nos. 49–50, so this court turns to the merits of the defendants' motions.

## Legal Standard

The defendants request this court to abstain under the *Colorado River* doctrine. At the outset, this court notes that the Supreme Court reiterated in *Colorado River* that federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them." *Colorado River*, 424 U.S. at 817. Consequently, "[a]bstention from the exercise of federal jurisdiction is the exception, not the rule." *Id.* at 813.

The Fourth Circuit has explained that, for a federal court to abstain under the *Colorado River* doctrine, "two conditions must be satisfied." *Gannett Co. v. Clark Constr. Group, Inc.*,

3

286 F.3d 737, 741 (4th Cir. 2002).  First, "[a]s a threshold requirement, there must be parallel proceedings in state and federal court."  *Id.* (citing *Colorado River*, 424 U.S. at 813).  In general, proceedings are parallel where "substantially the same parties litigate substantially the same issues in different forums."  *New Beckley Mining Corp. v. Int'l Union, UMWA*, 946 F.2d 1072, 1073 (4th Cir. 1991).

Assuming that there are parallel proceedings, there must also exist "exceptional circumstances" which warrant abstention.  *Gannett*, 286 F.3d at 741 (citing *Colorado River*, 424 U.S. at 813).  According to the Fourth Circuit, the following factors

> are relevant in determining whether a particular case presents such exceptional circumstances: (1) jurisdiction over the property; (2) inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which jurisdiction was obtained; (5) whether federal law is implicated; and (6) whether the state court proceedings are adequate to protect the parties' rights.

*Id.* (citing *Colorado River*, 424 U.S. at 818; *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 23, 26 (1983)).  The Supreme Court has cautioned that "the decision whether to dismiss a federal action because of parallel state court litigation does not rest on a mechanical checklist, but on a careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction."  *Moses H. Cone*, 460 U.S. at 16.

## Discussion

### *Parallel Proceedings*

The threshold matter the court must consider is whether there are parallel state and federal proceedings.  First, the parties in the two lawsuits must be "substantially the same."  In this case, the parties common to the two lawsuits are BB&T, on one side, and Transco and H2D2, on the other.  However, whereas the Browns are parties to the federal court action, they are not parties to the state court action.  Likewise, whereas the Browns' parents are parties to the

4

state court action, their parents are not parties to the federal court action. It is not clear whether the two actions should be considered to have substantially the same parties where the original defendants in the federal court action (the Browns) are not even parties to the state court action or where the original defendants in the state court action (Transco and H2D2) are only parties to the federal court action because the Browns impleaded them based on an indemnity claim. In any event, the court acknowledges that there is at least some overlap in parties to the two actions at issue here.

Assuming (without deciding) that the two actions have substantially the same parties, the parties in the two actions must also be litigating "substantially the same issues." Here, the only issue common to both lawsuits is the counterclaims based on the Swap Agreements. However, as the Fourth Circuit has noted, that "some factual overlap" exists between the two proceedings "does not dictate that proceedings are parallel." *New Beckley Mining Corp.*, 946 F.2d at 1074 (citation omitted). The federal action involves a suit on the Browns' personal guaranties, whereas the state action involves a suit on the promissory notes signed by Transco and H2D2.[2] *See Citizens & S. Nat. Bank of S.C. v. Lanford*, 443 S.E.2d 549, 551 (S.C. 1994) ("The general rule in South Carolina . . . is that a guaranty of payment is an obligation separate and distinct from the original note." (citation omitted)). Additionally, in the state court action BB&T is seeking foreclosure, a claim not available in federal court. Further, the federal claim on the personal guaranties involves a different remedy than the state court foreclosure claim. *See New Beckley Mining Corp.*, 946 F.2d at 1074 (noting that "[a] difference in remedies is a factor counseling denial of a motion to abstain"). Indeed, in *Gannett*, the Fourth Circuit found that a state court action seeking foreclosure of a lien interest on real property was not parallel with a

---

[2] The federal suit also involves the Browns' indemnity claim against Transco and H2D2. Thus, even if the state court were to grant BB&T's motion to dismiss the counterclaims of Transco and H2D2, there are a number of distinct claims that would remain in both lawsuits.

5

federal breach of contract action. *Gannett*, 286 F.3d at 741–43. Based on the above, the court concludes that the parties are not litigating substantially the same issues in the state and federal actions, despite the presence of similar counterclaims in both cases.

Accordingly, the state court action is not parallel with the instant federal court action within the meaning of *Colorado River*. For at least this reason, then, the defendants' motions should be denied.

*Exceptional Circumstances*

As explained above, the court found that there are not parallel proceedings in this case, and thus it is not necessary to consider whether there are also exceptional circumstances which warrant abstention. Even had it reached the opposite conclusion on the threshold issue, however, the court wishes to briefly point out that the defendants have not shown the existence of exceptional circumstances.

First, with respect to jurisdiction over the property, for this court to grant the relief requested in this action does not require it to exercise jurisdiction over the property that is the subject of the state court action. *Cf. Colorado River*, 424 U.S. at 818. The defendants contend that the outcome of the state foreclosure action will affect the amount of money owed on the personal guaranty agreements. But even assuming the Browns would be entitled to set off the amount BB&T obtained from the sale of the foreclosed property, this does not change the fact that a personal guaranty is a separate and distinct obligation from the original note. Moreover, BB&T argues that the guaranties are unconditional, primary guaranties of payment, for which BB&T is not obligated to first pursue recovery against the borrower or seek recourse from any secured collateral. Thus, although this factor does not weigh heavily in favor of exercising federal jurisdiction, it does counsel against abstention. *See Moses H. Cone*, 460 U.S. at 25–26 (emphasizing that "our task in cases such as this is not to find some substantial reason for the

exercise of federal jurisdiction by the district court; rather, the task is to ascertain whether there exist 'exceptional' circumstances, the 'clearest of justifications,' . . . to justify the surrender of jurisdiction").

Next, the parties appear to agree that the federal forum is not inconvenient. Thus, this factor also counsels against abstention.

With respect to whether federal law is implicated and whether the state court proceedings are adequate to protect the parties' rights, the court initially notes that these factors "can be used only in 'rare circumstances' to justify *Colorado River* abstention." *Gannett*, 286 F.3d at 746 (quoting *Moses H. Cone*, 460 U.S. at 26). Here, the fact that federal law is not implicated means this factor is given little weight. *See id.* (noting that this factor usually justifies retention of jurisdiction where "an important federal right is implicated and state proceedings may be inadequate to protect the federal right"). BB&T does not contend that it could not have brought its personal guaranty claims in state court, but it instead notes that it had the fundamental right to bring them in this court. The fact that state law is implicated in BB&T's federal court claims and in the counterclaims related to the Swap Agreements does not weigh in favor of abstention, however, as "federal courts regularly grapple with questions of state law, and abstention on the basis of the presence of state law, without more, would undermine diversity jurisdiction." *Id.* at 747 (citation omitted).

Regarding the order in which jurisdiction was obtained, the defendants acknowledge that BB&T filed the federal action first. Additionally, the court notes that the only duplicative claims in these cases—the counterclaims regarding the Swap Agreements—were asserted by Transco and H2D2 first in the federal action and one week later in the state action. However, "priority should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions." *Moses H. Cone*, 460 U.S. at 21. As

7

noted above, the parties have argued BB&T's motion to dismiss certain counterclaims in the state court action, but the state court has not yet ruled on that motion. In the instant case, the parties have fully briefed BB&T's motions for judgment on the pleadings, *see* ECF Nos. 22, 32, but the court has not heard argument on those motions. Thus, the actions appear to be proceeding at similar paces. In these circumstances, this factor counsels against abstention. *See Gannett*, 286 F.3d at 748 n.10.

The final factor is the desirability of avoiding piecemeal litigation, which "occurs when different tribunals consider the same issue, thereby duplicating efforts and possibly reaching different results." *Id.* at 744 (citation omitted). Notably, though, "[t]he threat of inconsistent results and the judicial inefficiency inherent in parallel breach of contract litigation . . . are not enough to warrant abstention." *Id.* As the Fourth Circuit has explained, "for abstention to be appropriate, retention of jurisdiction must create the possibility of inefficiencies and inconsistent results beyond those inherent in parallel litigation, or the litigation must be particularly illsuited for resolution in duplicate forums." *Id.* The defendants argue that because the state court has jurisdiction over the foreclosure action and could decide the issues regarding the personal guaranties, it is the court best suited to hear the entire dispute. However, the defendants have not demonstrated that this court's "retention of jurisdiction exacerbates the inefficiencies of this litigation beyond those inefficiencies inherent in duplicative proceedings." *Id.* at 745. As explained above, this court need not exercise jurisdiction over the property at issue in the state court action in order to resolve the claims in the federal action. Moreover, with respect to the duplicative claims, "res judicata effect will be given to whichever judgment is rendered first." *Id.* at 746.

Accordingly, even if there were parallel proceedings in this case, the defendants have not demonstrated that exceptional circumstances would warrant abstention.

8

*Motion to Stay*

As noted above, the motion of Transco and H2D2 alternatively requests that this court stay this proceeding pending the outcome of the state court action. *See* ECF No. 42, at 13–14. The defendants renewed this request at the hearing on the pending motions. The court denies this request, especially given that the state court action will not resolve all of the claims pending in the instant action. *See Moses H. Cone*, 460 U.S. at 28 (explaining that where a state court action will not resolve all of the issues between the parties, "a stay is as much a refusal to exercise federal jurisdiction as a dismissal").

Based on the foregoing, the court hereby denies the defendants' motions to abstain under *Colorado River*. The court likewise denies the defendants' motions to stay.

IT IS SO ORDERED.

May 14, 2013                                                    Joseph F. Anderson, Jr.
Columbia, South Carolina                              United States District Judge

9